IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRALD HANDY, </br></br> Plaintiff, </br></br> v. </br></br> UNIT MANAGER AMY VARNER; </br> DR. MOLLURA; LORI KWISNEK, </br></br> Defendants | Civil Action No. 12-1091 </br> Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM ORDER

AND NOW, this 12th day of April 2013, it is hereby ORDERED that the Motion to Dismiss/Motion for Summary Judgment [ECF No. 17] filed by Defendant, Mollura is granted without prejudice to Plaintiff's right to amend his Complaint insofar as it relates to the section 1983 claims made against Mollura. It is the policy of the United States Court of Appeals for the Third Circuit that "leave to amend the pleadings [is to be given] freely." See generally Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997) ("courts should allow liberal amendment of pro se complaints").

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants Varner and Kwisnek [ECF No. 23] is hereby DENIED. Accordingly, the issue of *whether Handy exhausted administrative remedies is no longer an issue in this case.*

IT IS FURTHER ORDERED that Handy is hereby given leave to amend the section 1983 claims against Defendants Varner and Kwisnek as well. Should Handy choose to file an amended complaint, he should, insofar as he is able at this point in the litigation, follow these

guidelines: Under each cause of action he should state the following: (1) the names of the persons who personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each defendant occurred; (3) the specific conduct or action alleged to be unconstitutional; (4) the particular constitutional provision under which he makes the claim; (5) the particular type of relief he is seeking from each Defendant; and (6) whether he is suing each Defendant in his or her official or individual capacity. Plaintiff need not repeat facts in subsequent causes of action as prior facts are applicable to multiple causes of action. He must, however, include a statement under the subsequent cause of action that Plaintiff is incorporating certain preceding paragraph numbers by reference. Plaintiff should not simply incorporate all of the preceding paragraphs, because some may not be applicable to a subsequent cause of action. Any amended complaint must be a stand-alone document independent of any complaint, motion or response already filed. *It may not include references to issues or causes of action that arose after the filing of the original Complaint.*

IT IS FURTHER ORDERED that the amended complaint must be filed on or before May 15, 2013. No extensions will be granted. If no amended complaint is filed by the date specified, this case will proceed against Defendants Varner and Kwisnek based on the section 1983 allegations set forth in the original Complaint.

IT IS FURTHER ORDERED that the Order of the Court dated March 27, 2013 is hereby vacated. Counsel for Defendants Varner and Kwisnek are directed to stay the filing of additional dispositive motions until after the date set for Handy's filing of an amended complaint. Should Handy file an amended complaint, Defendants are free to file an answer or appropriate motion within the time frame specified in the Federal Rules of Civil Procedure. Should Handy elect to stand on the Complaint as it now stands, Mollura will no longer be a party, and the other

2

Defendants should again proceed in accordance with the governing Federal Rules of Civil Procedure.

By the Court,

*Cynthia R. Eddy*
Cynthia Reed Eddy
U.S. Magistrate Judge

cc: Counsel of Record via CM-ECF

Derrald Handy
AS2003
PO Box 244
Graterford, PA 19426