# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRALD HANDY, ) | Civil Action No. 2: 12-cv-1091 |
| ) | |
| Plaintiff, ) | |
| ) | United States District Magistrate |
| v. ) | Cynthia Reed Eddy |
| ) | |
| UNIT MANAGER AMY VARNER, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending are the following: the Motion to Dismiss filed by Defendants Amy Varner and Lori Kwisnek, with brief in support (ECF Nos. 49 and 50), the Motion to Dismiss filed by Defendant Dr. Mollura, with brief in support (ECF Nos. 51 and 52), and the Plaintiff's Brief in opposition (ECF No. 60). For the reasons that follow, both Motions will be granted.[1]

### Factual Background[2]

Plaintiff, Derrald Handy, is a prisoner currently incarcerated at SCI-Graterford. This action was initiated by Plaintiff on August 1, 2012, by the filing of a Motion for Leave to Proceed in forma pauperis (ECF No. 1). By Order entered August 27, 2012, the case was dismissed without prejudice as Plaintiff had failed to obey a court order requiring him to file an authorization. On October 17, 2012, because Plaintiff submitted the required Authorization, the case was reopened and the Motion for Leave to Proceed in forma pauperis was granted. The

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 35, 36, and 37.

[2] As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

1

Complaint was filed the next day. (ECF No. 6.)

On August 2, 2013, Plaintiff filed an Amended Complaint, which remains the operative complaint. (ECF No. 58). Named as Defendants are two Department of Corrections ("DOC") employees who were assigned to SCI-Greensburg, Amy Varner, a Unit Manager, and Lori Kwisnek, Corrections Health Care Administrator ("the Corrections Defendants") and Dr. Mollura, a medical practitioner independently contracted by the DOC to provide medical services to its inmates.

Plaintiff's claims are based upon events alleged to have occurred while he was confined at SCI-Greensburg, his former place of confinement. His claims appear to be based on alleged violations of his First and Eighth Amendment rights. Plaintiff alleges that Defendant Varner moved him to the dormitory area "because I was considered a problem to the staff because I continue to file complaints about various issues in the jail" and that she wanted to "get me out of her hair." Amended Complaint, at 2. According to Plaintiff, Defendant Mollura and Defendant Kwisnek did nothing to assist Plaintiff in being moved out of the dormitory area, although they both were aware that the environmental conditions in the dormitory area were causing Plaintiff's pre-existing health issues to worsen.[3] He seeks compensatory and punitive damages, as well as unspecified injunctive relief, which the Court notes is moot as SCI-Greensburg officially closed on June 30, 2013.

Defendants have filed the instant Motions to Dismiss, with briefs in support, in which they seek to have Plaintiff's claims against them dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed and is ripe for disposition.

---

[3] However, the Amended Complaint also recognizes that Dr. Mollura facilitated Plaintiff's move out of the dormitory area. Amended Complaint at 3-4.

### B. Standard of Review for Motion to Dismiss

#### 1. *Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v.*

*Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

    2.    *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court

"should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

## Discussion

A.  <u>Official Capacity Claims against the Corrections Defendants</u>

At all times relevant this lawsuit, Corrections Defendants Varner, the Unit Manager, and Kwisnek, the Hospital Administrator, were employees or officials employed by the DOC.

Therefore, to the extent that Handy has named these Corrections Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See* Amended Complaint, at 7, ¶ 6. *See, e.g., Braun v. State Correctional Institution at Somerset*, 2010 WL 10398, *5-6 (W.D. Pa. 2010)("a section 1983 action against a state official in his official capacity is not a suit against the person but it is a suit against itself and as such, the action is barred by the Eleventh Amendment.").

Thus, all official claims against Corrections Defendants Varner and Kwisnek will be dismissed. Plaintiff will not be granted leave to amend the claims against these defendants in their official capacities as doing so would be futile.

B.   Eighth Amendment Medical Care Claims[4]

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235–36 (3d Cir. 2004); *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); *West v. Keve,* 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a

---

[4]   Defendants have not sought to dismiss Plaintiff's retaliation claims brought against Defendant Varner.

doctor's attention." *Colburn v. Upper Darby Twp*, 946 F.2d 1017, 1023 (3d Cir. 1991); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Everett v. Nort*, No. 13-1864, slip op. at 6 (3d Cir. Nov. 21, 2013) (quoting *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009)). Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir.1990).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Everett v. Nort*, No. 13-1864, slip op. at 6 (quoting *United States ex rel. Walker v. Fayette Cnty*., 599 F.2d 573, 575 n.2 (3d Cir. 1979)) (quotation marks omitted). Furthermore, it is also clear that the misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation. *Estelle*, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer*, 991 F.2d at 67 (citations omitted). Thus, "the exercise by a doctor of his professional judgment is never deliberate indifference. *See e.g. Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')." *Gindraw v. Dendler*, 967 F. Supp. 833, 836 (E.D. Pa. 1997).

Given the liberal construction afforded to the pro se complaint, Plaintiff has arguably satisfied the serious medical need requirement at this early juncture in the proceedings. However, as discussed *infra*, it is apparent that Plaintiff has failed to satisfy the second prong of the deliberate indifference analysis.

1. *Dr. Molllura*

Plaintiff does not deny that he was provided medical treatment while in the dormitory area. Rather, he contends that Dr. Mollura supported "Amy Varner's acts of harassment and retaliation, by first recognizing the need for medical attention and not doing 'all' that was 'needed' to solve the 'underlining' (sic) problem, which was to move me out of the contaminated areas that was causing the problems." Amended Complaint at 5-6.

The Amended Complaint is void of any allegations that Dr. Mollura failed to provide medical care to Plaintiff while he was assigned to the dormitory area. To the contrary, the Amended Complaint acknowledges that Dr. Mollura provided timely and continual care to Plaintiff in the form of medical evaluations and prescriptions. Plaintiff, however, disagrees with the treatment he received and asserts that the only effective "treatment" should have consisted of a re-assignment from the dormitory area.

A prisoner's disagreement with "evaluations and opinions regarding him" are insufficient to set forth an actionable constitutional claim. *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979). Accordingly, since the Amended Complaint acknowledges that Plaintiff was provided with ongoing treatment and that his claims are solely premised upon his disagreement with medical determinations and evaluations made by Dr. Mollura, the Court finds that a viable deliberate indifference claim has not been stated under *Estelle.* This determination is bolstered by the fact

8

that Plaintiff has not alleged that there was any specific medical treatment which he should have received but was denied for a non-medical reason or that any prescribed care was improperly delayed. Plaintiff will not be granted leave to amend his Eighth Amendment claim against Defendant Mollura as doing so would be futile

    2.    *Defendant Kwisnek*

It is also undisputed that Defendant Kwisnek is a non-medical prison official as she was the Health Care Administrator at SCI-Greensburg, a non-physician layperson. The case law is clear that health care administrators are "undisputably administrators, not doctors . . . " *Thomas v. Dragovich,* 2005 WL 1634260, *6 (3d Cir. 2005), and, therefore, "cannot be deemed deliberately indifferent simply because the lay administrator did not challenge the physician's care or respond directly to a prisoner's request for more or different treatment." *Judge v. Medical Dept at SCI-Greene,* Civ. Act. No. 05-1776, 2007 WL 1576400, *4 (W.D. Pa. May 31, 2007). Further, as the Court of Appeals for the Third Circuit explained in *Durmer v. O'Carroll,* 991 F.2d 64, 68 (3d Cir.1993), a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by nonmedical factors, a constitutional claim may be presented. *See id.*

Since there are no facts asserted in the Amended Complaint which could establish that Defendant Kwisnek had any personal involvement whatsoever in Plaintiff's medical treatment and since the Amended Complaint admits that Plaintiff was receiving medical care while at SCI-Greensburg, under the standards announced in *Durmer,* the Court concludes that a viable deliberate indifference claim has not been set forth against Defendant Kwisnek. Based on the

9

factual allegations in the Amended Complaint, Defendant Kwisnek's role was limited to primarily responding to complaints and grievances submitted by Plaintiff relative to his medical care. The Amended Complaint sets forth clear allegations that Defendant Kwisnek was neither responsible for making medical decisions regarding Plaintiff nor did she intentionally deny or delay access to medical care or intentionally interfere with Plaintiff's prescribed medical treatment.

Further, to the extent that Plaintiff seeks to allege claims against Kwisnek based on her role in the DOC's Inmate Grievance System, such allegations fail to state a claim.

Plaintiff will not be granted leave to amend his Eighth Amendment claim against Defendant Kwisnek as doing so would be futile.

C. <u>Futility</u>

If a civil rights complaint is subject to 12(b)(6) dismissal, a district must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 299, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

For the reasons discussed *supra*, the Court will not grant Plaintiff leave to amend as it would be futile.

**Conclusion**

For all the foregoing reasons, the Motion to Dismiss filed the Commonwealth Defendants will be granted, as will be the Motion to Dismiss filed by Defendant Mollura.

**AND NOW**, this 14th day of January, 2014,

It is hereby **ORDERED** that the Commonwealth Defendants' Motion to Dismiss is

**GRANTED** in its entirety. Plaintiff's claims against Defendants Varner and Kwisnek in their official capacities are dismissed with prejudice as a matter of law. Additionally, Plaintiff's claims against Defendant Kwisnek in her individual capacity are likewise dismissed with prejudice as a matter of law.

It is hereby **ORDERED** that Defendant Mollura's Motion to Dismiss is **GRANTED** in its entirety and Plaintiff's claims against him are dismissed with prejudice as a matter of law.

In accordance with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Varner's responsive pleading shall be served on or before **January 28, 2014.**

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge


cc:     DERRALD HANDY
        AS2003
        PO Box 244
        Graterford, PA 19426

        Scott A. Bradley
        Office of the Attorney General
        Email: sbradley@attorneygeneral.gov

        Jesse A. Torisky
        Eisenberg & Torisky
        Email: jesse.torisky@chartisinsurance.com