# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRALD HANDY, | ) |
| Plaintiff, | ) Civil Action No. 2: 12-cv-1091 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| UNIT MANAGER AMY VARNER, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE[1]

On January 27, 2014, Plaintiff informed the Court that he had been released from custody and provided the Court with his new address. Discovery in this case closed on May 9, 2014 and summary judgment motions were to be filed by June 6, 2014. *See* Case Management Order, ECF No. 66. As neither party filed a motion for summary judgment, the Court scheduled a status conference for August 6, 2014. *See* Text Order dated July 23, 2014. Although being provided notice of the status conference, Plaintiff failed to appear on the date and time scheduled for the status conference. Defendant filed an oral motion to dismiss, which was accepted by the Court.

On August 11, 2014, the Court issued a Show Cause Order why the case should not be dismissed for failure to prosecute. See Text Order dated August 11, 2014. Plaintiff was ordered to file a response to the Order on or before August 25, 2014, stating whether he intends to proceed to trial. As of the date of this Memorandum Order, Plaintiff has not filed a response to the Show Cause Order and has not filed a motion for an extension of time within which to do so.

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. See ECF Nos. 35 and 37.

1

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as the *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

*Emerson*, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra*; *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital,* 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the

Plaintiff, who not only failed to appear at the status conference but has failed to abide by this Court's order to file a response to the Show Cause Order. Similarly, the second *Poulis* factor—the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. The Plaintiff's failure to appear at the status conference obviously delays the resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *Tillio v. Mendelsohn,* 256 F. App'x 509 (3d Cir.2 007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir.2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir.2007) (failure to file amended complaint prejudices defense and compels dismissal).

The third *Poulis* factor—the history of dilatoriness on the plaintiff's part— neither weighs in favor or against Handy.

The fourth *Poulis* factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the Plaintiff. At this juncture, because the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take a specific action in this case, the Court is compelled to conclude that Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a pro se litigant who will not comply with a court order, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir. 2008); *Emerson*, 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro*

*se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, Plaintiff was clearly warned that failure to response to the Show Cause Order would result in dismissal of this case for failure to prosecute.

Finally, under *Poulis*, the Court is cautioned to consider one other factor, the meritoriousness of the Plaintiff's claims. In our view, consideration of this factor cannot save the Plaintiff's case from dismissal.

Therefore, after application of the *Poulis* factors, four of which weigh heavily in favor of dismissal with prejudice, the Court will dismiss this case with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## ORDER OF COURT

**AND NOW**, this 22nd day of September, 2014,

It is hereby **ORDERED, ADJUDGED AND DECREED** that this case is dismissed with prejudice for failure to prosecute.

The Clerk of Court shall docket this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc:     DERRALD HANDY
        1545 N. Wanamaker Street
        Philadelphia, PA 19131

        Scott A. Bradley
        Office of the Attorney General
        (via CM/ECF electronic notification)